WILLIAM JOHNSON v. THE STATE.

1. APPEAL DOES NOT LIE FROM AN ORDER POSTPONING SENTENCE.—An appeal will not lie from an order of the District Court, after sentence has been pronounced in a felony case, postponing proceedings under the sentence until the next term, to which term the defendant was bound to answer other indictments for felony.

2. Nor will appeal lie from an order overruling a motion of defendant, made after his sentence, to have his sentence forthwith executed.

3. CONTROL BY SUPREME COURT OVER DISTRICT COURTS.—If the supervisory control of this court over the District Court is invoked for the purpose of compelling the execution of its judgments or the performance of its duty, it should be by the aid of the constitutional writs, which this court is authorized to grant in the exercise of its jurisdiction of this character.

APPEAL from Gillespie. Tried below before the Hon. J. N. Everett.

No briefs furnished.

MOORE, ASSOCIATE JUSTICE.—As appears from the record, the appellant was, on the 18th day of July, 1872, in the District Court of Gillespie county, convicted of an assault with intent to murder. Two days thereafter he moved the court for a new trial, on the ground that the verdict was contrary to the law and evidence; which motion was on the next day overruled by the court. In this action we must infer appellant acquiesced, as it does not appear from the record that he excepted to this or any

other matter or thing done in the case up to this time, or gave notice of an appeal to this court. On the day following, the 24th of July, 1872, the court adjudged and sentenced appellant to confinement at hard labor in the penitentiary for the period of five years, in accordance with the verdict of the jury. But immediately following the judgment and sentence of the court, and in connection with and as a part of the same entry, the record says: "And it appearing to the court that the defendant stands indicted in this court in causes Nos. 228 and 229, The State *v.* Johnson *et al.*, charging the defendant with a felony in each case, it is ordered and adjudged that the defendant be held to answer to said indictments, and that no further proceedings in this case relating to the sentence and punishment of defendant be had until the next term of this court," &c., until which time he was remanded to jail.

On the same day appellant filed a motion, in which he says "he does not desire to take an appeal, but is ready to receive sentence and have the same executed forthwith," and moves the court to enforce the sentence pronounced. This motion was overruled by the court. Whereupon appellant gave notice in open court of an appeal, and assigns as error the judgment suspending the execution of the sentence pronounced upon him by the court.

This brief recital exhibits the contents of the record in this case as it has been brought to this court. The transcript contains neither the indictment, statement of facts, or instructions given to the jury by the court, or anything, in fact, calculated to throw light on the merits of the judgment against appellant for the offense for which he was indicted. Evidently it was not the purpose or desire of appellant to appeal from the judgment of conviction rendered against him. The appeal is not to reverse the judgment of conviction, but to have this court review and correct the action of the court overruling his motion to have the judgment carried immediately into execution.

It is unquestionably the duty of the District Court ordinarily, if not in all cases of conviction—unless an appeal is taken to this court or the defendant is relieved from the penalty of the law by executive clemency—to have its judgment carried into prompt and speedy execution. And the failure of the court of its duty in this respect may often, no doubt, work injustice and wrong to the defendant as well as the State. The injury to the defendant is manifestly apparent if the penalty of imprisonment to which he is condemned is increased by such delay in the execution of the judgment. We entertain no doubt the law furnishes appropriate remedy for the correction of such wrongs. We cannot find, however, any warrant for doing so in the manner attempted in this case. The statute authorizes appeals only from final judgments, and not from the grant or refusal of incidental or interlocutory orders, either during the progress of the case or after its final decision. If the appellate jurisdiction and supervisory control of this court over the District Court is invoked for the purpose of compelling the execution of its judgments or the performance of duty, it should be by the aid of the constitutional writs which this court is authorized to grant in the exercise of its jurisdiction of this character.

It appearing from the record that the court has no jurisdiction in this case as here presented, the appeal is

DISMISSED.